**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
962 Wayne Ave., Suite 610
Silver Spring, MD 20910

  *Plaintiff,*

v.

U.S. FISH & WILDLIFE SERVICE
1849 C St. NW,
Washington, DC 20240

  *Defendant.*

CIVIL ACTION NO. 26-1233

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Fish & Wildlife Service ("FWS") to disclose records that PEER requested pursuant to FOIA that are now between one month and thirteen months overdue for a determination of whether to comply with the requests and the reasons therefore. FWS has neither made a determination nor produced any records responsive to these requests.

2. In 2025 and 2026, PEER submitted the FOIA requests described below to FWS for records regarding FWS employees, resources, and operations, namely:

  a. **Assaults against Employees Calendar Year (CY) 2024**: On January 27, 2025, PEER submitted a FOIA request for documents reflecting a summary of all incidents of violence, threats, or harassment against FWS employees that occurred in calendar year 2024. The request was assigned tracking number DOI-2025-

003291. FWS has failed to produce a determination or any records with respect to this request.

b. **Law Enforcement Staffing CY 2025**: On January 26, 2026, PEER submitted a FOIA request for documents reflecting the number of current commissioned law enforcement rangers and special agents in calendar year 2025. The request was assigned tracking number DOI-2026-003408. FWS has failed to produce a determination or any records with respect to this request.

c. **Search and Rescue Operations Fiscal Year (FY) 2025**: On January 26, 2026, PEER submitted a FOIA request for breakdown of the number of search and rescue operations or other events requiring a special deployment of law enforcement resources on or adjoining FWS lands, divided by state, for fiscal year 2025. The request was assigned tracking number DOI-2026-003412. FWS has failed to produce a determination or any records with respect to this request.

d. **Assaults against Employees CY 2025**: On January 26, 2026, PEER submitted a FOIA request for documents reflecting a summary of all incidents of violence, threats, or harassment against FWS employees that occurred in calendar year 2025. The request was assigned tracking number DOI-2026-003415. FWS has failed to produce a determination or any records with respect to this request.

3. To date, Defendant has failed to make a final determination on PEER's FOIA requests and has failed to disclose all of the requested records within the time stipulated under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C., and headquartered in Silver Spring, Maryland.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including public lands and natural resource management, the regulation and remediation of toxic substances, public funding of environmental and natural resource agencies, and government accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant FWS is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

11. FWS is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. The failure of FWS to provide PEER with the records requested and its failure to make a final determination on PEER's FOIA requests within twenty working days are violations of FOIA.

## STATEMENT OF FACTS

*Assaults against Employees CY 2024*

12. On January 27, 2025, PEER submitted a FOIA request seeking the following:

   a. Document(s) reflecting a summary of all incidents of violence, threats, or harassment against FWS employees that occurred in calendar year 2024. The summary should include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident or threat (e.g., arrest, conviction, ongoing investigation).

13. Later that day, FWS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2025-003291.

14. On April 1, 2025, PEER sent an email to FWS requesting an update on the FOIA request. FWS did not respond to PEER's email.

15. On June 24, 2025, PEER sent an email to FWS requesting an update on the FOIA request. FWS did not respond to PEER's email.

16. On August 18, 2025, PEER sent an email to FWS requesting an update on the FOIA request. On August 26, 2025, FWS sent an email to PEER stating that the FOIA request has been assigned to FWS staff for processing.

17. On September 10, 2025, PEER sent an email to FWS requesting an update on the FOIA request. On September 10, 2025, FWS sent an email to PEER regarding a separate FOIA request; however, FWS did not address the status update of the instant FOIA request.

18. On January 23, 2026, PEER sent an email to FWS requesting an update on the FOIA request. On January 28, 2026, FWS sent an email to PEER regarding a separate FOIA request; however, FWS did not address the status update of the instant FOIA request. On January 28, 2026, PEER sent an email reiterating its request for an update on the instant FOIA request. On January 28,

2026, FWS sent an email to PEER with the name and contact information of the FOIA Officer handling the FOIA request.

19. On February 13, 2026, PEER sent an email directly to the assigned FWS FOIA Officer requesting an update on the FOIA request. FWS did not respond to PEER's email.

20. On March 12, 2026, PEER sent an email directly to the assigned FWS FOIA Officer and the FWS HQ FOIA Office requesting an update on the FOIA request. To date, FWS has not responded to PEER's email.

21.  To date, PEER has not received a determination or any records related to this request.

*Law Enforcement Staffing CY 2025*

22. On January 26, 2026, PEER submitted a FOIA request seeking the following:

   a. Document(s) reflecting the number of current commissioned law enforcement rangers and special agents, respectively, both permanent and seasonal from January 1, 2025 – December 31, 2025.

23. Later that day, FWS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2026-003408.

24. On February 25, 2026, FWS sent an acknowledgement letter to PEER informing PEER that the estimated final production date for the request is September 30, 2026.

25. On March 26, 2026, PEER sent an email to FWS asking for an interim production schedule given the estimated final production date. To date, FWS has not responded to PEER's email.

*Search and Rescue Operations FY 2025*

26. On January 26, 2026, PEER submitted a FOIA request seeking the following:

   a. An annual (by fiscal year) breakdown of the number of search and rescue operations or other events requiring a special deployment of law enforcement resources on or

adjoining FWS lands, divided by state. We seek this annual breakdown for the period spanning FY 2025, October 1, 2024 – September 30, 2025.

27. Later that day, FWS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2026-003412.

28. On February 25, 2026, FWS sent an acknowledgement letter to PEER informing PEER that the estimated final production date for the request is September 30, 2026.

29. On March 26, 2026, PEER sent an email to FWS asking for an interim production schedule given the estimated final production date. To date, FWS has not responded to PEER's email.

*Assaults against Employees CY 2025*

30. On January 26, 2026, PEER submitted a FOIA request seeking the following:

   a. Document(s) reflecting a summary of all incidents of violence, threats, or harassment against FWS employees that occurred between January 1, 2025 – December 31, 2025. The summary should include the date, location, and nature of the incident or threat together with a summary of what, if any, outcomes stemmed from the incident or threat (e.g., arrest, conviction, ongoing investigation).

31. Later that day, FWS sent an email to PEER acknowledging receipt of the request and assigning the request tracking number DOI-2026-003415.

32. On February 25, 2026, FWS sent an acknowledgement letter to PEER informing PEER that the estimated final production date for the request is September 30, 2026.

33. On March 26, 2026, PEER sent an email to FWS asking for an interim production schedule given the estimated final production date. To date, FWS has not responded to PEER's email.

## CAUSE OF ACTION

34. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

35. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

36. FOIA requires agencies to determine within twenty working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional ten working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

37. Twenty working days from PEER's requests are as follows:

    a. Assaults against Employees CY 2024 request of January 27, 2025 (DOI-2025-003291): February 25, 2025.

    b. Law Enforcement Staffing CY 2025 request of January 26, 2026 (DOI-2026-003408): February 24, 2026.

    c. Search and Rescue Operations FY 2025 request of January 26, 2026 (DOI-2026-003412): February 24, 2026.

    d. Assaults against Employees CY 2025 request of January 26, 2026 (DOI-2026-003415): February 24, 2026.

38. At no time has FWS claimed that "unusual circumstances" warrant the ten working day extension available under 5 U.S.C. § 552(a)(6)(B)(i). Regardless, an extension of ten working

days on the 2025 request would have been March 11, 2025, and an extension of ten working days on the 2026 requests would have been March 10, 2026. Moreover, the estimated date of completion for the 2026 requests, September 30, 2026, is well beyond FOIA's statutorily mandated timeframe for making a determination.

39. As of the date of this filing, PEER has not received a final determination on its FOIA requests and FWS has not made the records "promptly available." FWS's response to the FOIA requests described above is now one and thirteen months overdue for a determination and "prompt" release of the records, respectively.

40. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for the FOIA requests described in this complaint, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

41. Defendant's conduct amounts to a denial of PEER's FOIA requests. FWS is frustrating PEER's efforts to adequately understand how FWS manages its resources and operations.

42. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the FWS to immediately make a determination and produce the records sought in PEER's FOIA requests, as well as other appropriate relief, including attorneys' fees and costs.

43. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's FOIA requests within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

   i.   Enter an order declaring that Defendant wrongfully withheld requested agency documents;

   ii.  Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

   iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA and every order of this Court;

   iv.  Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

   v.   Grant such additional and further relief to which Plaintiff may be entitled.


Respectfully submitted on April 13, 2026,


__/s/  *Colleen Zimmerman*_____
Colleen Zimmerman, DC Bar # 90003410
Public Employees for Environmental
Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 464-2293
czimmerman@peer.org

*Attorney for Plaintiff*